Annette HATCHER, Appellant,

v.

John Colin HATCHER, Respondent.

No. ED 82445.

Missouri Court of Appeals, Eastern District, Division Five.

April 8, 2003.

Annette Hatcher, Washington, pro se.

Sidney A. Thayer, Jr., Washington, MO, for respondent.

LAWRENCE E. MOONEY, Chief Judge.

Annette Hatcher appeals from a summary judgment entered on September 20, 2002. Because the appellant's appeal is untimely, we dismiss the appeal.

The appellant filed a motion to modify her decree of dissolution from the respondent, John Hatcher. On September 20, 2002, the circuit court granted the respondent's motion for summary judgment and denied the appellant's motion to modify. On October 9, 2002, the appellant filed her first notice of appeal from the summary judgment. This Court gave the appeal cause No. ED81940. When the appellant failed to file the record on appeal as required by Rule 81.12(d) and Rule 81.18, this Court dismissed the appeal on December 12, 2002. The case was finally mandated on January 17, 2003.

On January 21, 2003, the appellant filed a second notice of appeal, which is virtually

861

identical to her prior notice of appeal. The respondent has filed a motion to dismiss the appeal. The respondent contends that the appeal is untimely and further, that this is the appellant's second appeal from the same judgment.

We agree that this second notice of appeal is untimely. Under Rule 81.04(a), the notice of appeal must be filed no later than 10 days after the judgment becomes final. If a party timely files an authorized after-trial motion, the judgment becomes final at the expiration of ninety days after the filing of the motion or, if such motion is passed on at an earlier date, at the later of: (1) thirty days after the entry of judgment; or (2) disposition of the motion. Rule 81.05(a)(2). If no after-trial motion is filed, the judgment becomes final thirty days after entry of the judgment. Rule 81.05(a)(1).

Here, the judgment was entered on September 20, 2002. The appellant did not file an after-trial motion, so the judgment was final on Monday, October 21, 2002. Rule 81.05(a)(1); Rule 44.01(a). Her appeal was due on October 31, 2002. Rule 81.04(a). Therefore, her second notice of appeal, filed January 21, 2003, is untimely.

We grant the respondent's motion to dismiss and dismiss the appeal for lack of jurisdiction.

LAWRENCE G. CRAHAN, J., and ROBERT G. DOWD, JR., J., concur.